**LG-8582**
**LAW OFFICES OF LEE D. GOTTESMAN**
**509 Main Street**
**PO Box 1508**
**Toms River, NJ  08754-1508**
**(732) 914-1055**
**By: LEE D. GOTTESMAN, ESQ.**
**Attorney for Debtors/Plaintiff**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of:<br><br>WARREN LEROY MERRELL AND VITA VICTORIA MERRELL,<br><br>Debtors.<br><br>46 Butler Avenue<br>Bayville, NJ 08721<br><br>SSN: xxx-xx-8507 and xxx-xx-0735<br>_____<br><br>VITA VICTORIA MERRELL,<br><br>Plaintiff,<br><br>v.<br><br>BARNABAS HEALTH COMMUNITY MEDICAL CENTER,<br><br>Defendant. | Case No. 12-31515/MBK<br><br>Chapter 7<br><br><br><br><br><br><br>Adv. No. 12-02084/MBK |

*AMENDED COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING*
*FOR VIOLATIONS OF SECTION 362 OF THE BANKRUPTCY CODE,*
*AND PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE*

**INTRODUCTION**

1.      This action seeks redress for the unlawful and deceptive practices committed by

Defendant Barnabas Health Community Medical Center in connection with its efforts to collect a

debt subject to the automatic stay provisions of § 362 of the Bankruptcy Code.  Defendant's conduct

involves falsely representing that a debt, subject to the automatic stay provisions of the Bankruptcy

Code, may still be the subject of collection attempts outside of this Court.  Plaintiff, Vita Victoria

Merrell, seeks monetary, declaratory and injunctive relief based on Defendant's violations of 11

U.S.C.§ 362 and pursuant to 11 U.S.C. § 105.

2.      This action is also filed to enforce and to implement other Bankruptcy Code

provisions and Rules related thereto, and to prevent an abuse of process and to preclude the

frustration of the orderly discharge of the claims in this case.

**JURISDICTION**

3.      Jurisdiction is conferred on this Court pursuant to the provisions of § 1334

of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-

captioned Chapter 7 case under Title 11 and concerns property of the Debtor, Vita Victoria Merrell,

Plaintiff herein, in that case.

4.      This Court has both personal and subject matter jurisdiction to hear this case

pursuant to § 1334 of Title 28 of the United States Code, § 157(b)(2) of Title 28 of the United States

Code, and pursuant to the Order entered by the Judges of the United States District Court for the

District of New Jersey (the Referral Order), which Order was entered in accordance with the

Bankruptcy Amendments and Federal Judgeship Act of 1984.

5.      This matter is primarily a core proceeding and therefore the Bankruptcy Court has

jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core

proceeding then and in that event Plaintiff consents to the entry of a final order by this Court.

## VENUE

6.      Venue lies in this District, pursuant to § 1391(b) of Title 28 of the United

States Code.

## PARTIES

7.      Plaintiff, Vita Victoria Merrell (hereinafter referred to as "Plaintiff" or "Debtor"), is

a citizen and resident of the State of New Jersey, and maintains her residence at 46 Butler Avenue,

Bayville, New Jersey; Plaintiff is 73 years old.  The Debtor, together with her husband, Warren

Leroy Merrell, filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code on

August 30, 2012.  Prior to the filing of the instant Petition for Relief, the Debtor had been

hospitalized on numerous occasions for various medical issues, as follows:

       a.      Plaintiff underwent triple-bypass heart surgery in 2010, and was the recipient

of a mitral valve implant.

       b.      Plaintiff developed a staph infection subsequent to the mitral valve implant,

and underwent additional plastic surgery inclusive of a three-day hospitalization in an

intensive-care unit, during which the surgical area was kept open.

       c.      Plaintiff was the recipient of a pacemaker implant in February 2012.

       d.      Plaintiff underwent a second mitral valve implant in or about April-May

2012.

       e.      Plaintiff developed a staph infection subsequent to the pacemaker implant,

and was hospitalized on numerous occasions from April 2012 to July 2012 at Jersey Shore

University Medical Center to treat that infection.

f.      Plaintiff underwent a second pacemaker implant, subsequent to the treatment

of the staph infection, in the summer of 2012.

g.      Plaintiff has also been diagnosed with diabetes, and due to the onset of

kidney failure, is considered to be a candidate for dialysis.

8.      Defendant, Barnabas Health Community Medical Center (hereinafter referred to as

"Community"), is, according to its internet website, is a fully accredited acute care hospital, and has

evolved into the state's largest non-teaching hospital; in this regard, Community claims award-

winning centers of excellence for women, children and seniors. Community is a division of and is

affiliated with the Barnabas Health Care System, and maintains its principal business address at 99

Route 37 West in Toms River, New Jersey 08755.

### BACKGROUND

9.      Plaintiff filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the

United States Code, jointly with her husband, Warren Leroy Merrell on August 30, 2012 (hereinafter

referred to as the "Petition Date"). Said Petition for Relief (hereinafter referred to as "Petition") was

filed with the United States Bankruptcy Court for the District of New Jersey, Trenton Division, and

was assigned Case No. 12-31515/MBK. Andrea Dobin, Esq. was the duly appointed Chapter 7

Trustee.

10.      The § 341(a) Meeting of Creditors was conducted by Ms. Dobin as Chapter 7

Trustee in Trenton, New Jersey on October 15, 2012.

11.      The Petition filed by the Debtor at the inception of the Chapter 7 proceedings listed

Community as an unsecured creditor with respect to account no. ending 6623, with respect to

medical services rendered to Plaintiff in April 2012, in the amount of $274.99. Community was

4

listed on Schedule F of the Petition at PO Box 903, Oceanport, New Jersey 07757-0903, as both

Barnabas Health Community Medical Center and separately as Barnabas Health Care System.

12.    Notice of the Automatic Stay was disseminated to all scheduled creditors, including

Community, by regular mail by the Debtor, through counsel, by correspondence dated August 31,

2012.

13.    The Notice of Automatic Stay disseminated on the Debtor's behalf to all creditors,

including Community, specifically advised in pertinent part as follows:

a.    That an Order for Relief had been made in favor of the Debtor on August 30,

2012;

b.    That all creditors of the Debtor were stayed from the commencement or

continuation, including the issuance or employment of process, of a judicial, administrative,

or other action or proceeding against the Debtor that was or could have been commenced

before the commencement of the case;

c.    That all creditors of the Debtor were stayed from the enforcement, against

the Debtor or against property of the estate, of a judgment obtained before the

commencement of the case;

d.    That all creditors of the Debtor were stayed from any act to obtain

possession of property of the estate or of property from the estate or to exercise control over

property of the estate;

e.    That all creditors of the Debtor were stayed from any act to create, perfect,

or enforce any lien against property of the estate;

f.    That all creditors of the Debtor were stayed from any act to create, perfect

5

or enforce against property of the Debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case;

g.    That all creditors of the Debtor were stayed from any act to collect, assess, or recover a claim against the Debtor that arose before the commencement of the case;

h.    That all creditors of the Debtor were stayed from the setoff of any debt owing to the Debtor that arose before the commencement of the case against any claim against the Debtor;

i.    That all creditors of the Debtor were stayed from the commencement or continuation of a proceeding before the United States Tax Court concerning the Debtor; and

j.    That relief from the automatic stay may be sought by filing a Motion in the Bankruptcy Court.

14.    A Notice of Chapter 7 Case, Meeting of Creditors and Deadlines was disseminated to all scheduled creditors dated September 6, 2012, through the Bankruptcy Court's Bankruptcy Noticing Center (hereinafter referred to as "BNC") in Herndon, Virginia.  Community, according to the Certificate of Service filed by BNC dated September 6, 2012, received notification of the Notice of Chapter 7 Case, Meeting of Creditors and Deadlines via first class mail at PO Box 903, Oceanport, New Jersey 07757-0903 on September 6, 2012, as both Barnabas Health Community Medical Center and Barnabas Health Care System.

15.    The Notice of Commencement of Case disseminated by BNC to all creditors, including Community, specifically advised in pertinent part as follows:

a.    That the Meeting of Creditors was scheduled for 11:00 a.m. on October 15, 2012, at the Clarkson S. Fisher Federal Courthouse, Room 129, 402 East State Street,

6

Trenton, New Jersey 08608-1507;

b.      That creditors were not required to file a Proof of Claim unless they received a notice to do so;

c.      That the deadline to file a Complaint objecting to discharge of the Debtor, or to determine dischargeability of certain debts, was December 14, 2012;

d.      That the filing of the bankruptcy case automatically stays certain collection and other actions against the Debtor and the Debtor's property;

e.      That any attempt to collect a debt or take other action in violation of the Bankruptcy Code could lead to penalization;

f.      That common example of prohibited collection actions include contacting the Debtor by telephone, mail or otherwise to demand repayment, taking actions to collect money or obtain property from the Debtor, repossessing the Debtor's property, starting or continuing lawsuits or foreclosures, and garnishing or deducting from the Debtor's wages;

g.      That the Debtor sought a discharge of her debts, which may include the debt owed to each creditor receiving notice;

h.      That a discharge means that the creditor may never attempt to collect the debt from the Debtor; and

i.      That if the creditor believes that the a debt owed by the Debtor to the creditor is not dischargeable under Bankruptcy Code Sections 523(a)(2) or (4), the creditor must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts.

16.     Community did not appear at the Meeting of Creditors on October 15, 2012, and has not, to date, filed a Complaint Objecting to Dischargeability of Debt under Section 523(a)(2), 523(a)(4), 523(a)(6) or 523(a)(15) with the Clerk of the Bankruptcy Court.

17.     On or about October 11, 2012, the Debtor received correspondence from Defendant Community dated October 9, 2012, seeking to collect on the account referenced in Paragraph 11 above in violation of the automatic stay provisions of Section 362 of the Bankruptcy Code, and in violation of Section 105 of the Bankruptcy Code.

18.     The aforestated collection attempt was commenced by Defendant Community in an attempt to collect a debt subject to the provisions of the automatic stay, subsequent to the dissemination of the Notice of Automatic Stay by the Debtor, through counsel.

19.     The aforestated collection attempt was commenced by Defendant Community in an attempt to collect a debt subject to the provisions of the automatic stay, subsequent to the dissemination of the Notice of Chapter 7 Case and Meeting of Creditors and Deadlines by BNC.

20.     Upon information and belief, this is, at minimum, the third case within the last four (4) months in which Defendant Community, either directly or through the services of a third-party collector, has engaged in collection attempts on debts subject to the provisions of the automatic stay as to debtors having filed Chapter 7 Petitions for Relief in this vicinage.

21.     As a result of the foregoing, Plaintiff filed the above-referenced Adversary Proceeding Complaint (hereinafter referred to as "Complaint") against Defendant Community, seeking damages for violation of Section 362 of the Bankruptcy Code, and pursuant to Section 105 of the Bankruptcy Code, on October 22, 2012.

22.     The Complaint, together with a Summons, Pretrial Instructions and Proposed Joint

Scheduling Order, was mailed via Certified Mail, Return Receipt Requested and via First Class Mail

to Defendant Community, both care of its President, Mark Pilla, at 99 Route 37 West, Toms River,

New Jersey 08755, and care of its registered agent, David A. Mebane, Esq., 99 Old Short Hills Road,

West Orange, New Jersey 07052, by correspondence dated October 23, 2012.

23.     No "green card" receipts reflecting service of the Complaint have yet been received

by Plaintiff's counsel.  The First Class Mailings have not been returned as undeliverable.  Therefore,

upon information and belief, Defendant Community has been served with the Complaint.

24.     On or about October 27, 2012, the Debtor received an additional billing statement

from Defendant Community dated October 25, 2012, seeking to collect on the account referenced

in Paragraph 11 above, in further violation of the automatic stay provisions of Section 362 of the

Bankruptcy Code, and in violation of Section 105 of the Bankruptcy Code.

25.     Said collection attempt, through the billing statement dated October 25, 2012, was

effected by Defendant Community subsequent to the filing of the Complaint.

26.     The aforestated collection attempt referenced in Paragraphs 24 and 25 above was

commenced by Defendant Community subsequent to the filing of the Complaint in an attempt to

collect a debt subject to the provisions of the automatic stay, subsequent to the dissemination of the

Notice of Automatic Stay by the Debtor, through counsel.

27.     The aforestated collection attempt referenced in Paragraphs 24 and 25 above was

commenced by Defendant Community subsequent to the filing of the Complaint in an attempt to

collect a debt subject to the provisions of the automatic stay, subsequent to the dissemination of the

Notice of Chapter 7 Case and Meeting of Creditors and Deadlines by BNC.

28.     Plaintiff alleges that the debt that is the subject of the aforestated collection notices

9

was properly scheduled on her Petition for Relief as a pre-petition debt, and that Defendant Community received adequate notice of the automatic stay through the Notice of Automatic Stay and Notice of Chapter 7 Case that were disseminated to Community.  Plaintiff further alleges that even a "cursory review" of its files by Defendant Community would have revealed that Plaintiff filed a Petition for Relief on August 30, 2012, and that all further collection attempts were subject to the automatic stay.  Plaintiff further alleges that such computerized disqualification systems as PACER and BANKO would have immediately indicated that there could be no valid and legal continuing collection attempts on this debt by Defendant Community.

29.    The actions of Defendant Community, as alleged herein, constitute willful, intentional, gross and flagrant violations of the provisions of § 362 of Title 11 of the United States Bankruptcy Code.

30.    The actions of Defendant Community, as alleged herein, are acts in violation of the provisions of §105 of Title 11 of the United States Bankruptcy Code.

31.    Plaintiff has been severely harassed, agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of Defendant Community.

## COUNT ONE

## WILLFUL VIOLATION OF THE AUTOMATIC STAY

32.    The allegations contained within the Introduction, Jurisdiction, Venue, Parties, and Background Recitals as set forth more fully within Paragraphs 1 through 31 above are realleged and incorporated herein as if more fully set forth in their entirety.

33.    The foregoing acts and omissions by Defendant Community constitute willful and gross violations of the provisions contained within 11 U.S.C. § 362, insofar as said actions constitute

10

attempts to collect a debt that was owed by the Plaintiff prior to the filing of her Petition for Relief.

34.     In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against Defendant Community pursuant to the provisions of §105 of the Code.

35.     Plaintiff is therefore entitled to an award of damages and legal fees.

## COUNT TWO

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36.     The allegations contained within the Introduction, Jurisdiction, Venue, Parties, and Background Recitals and Count One of the Adversary Proceeding Complaint as set forth more fully within Paragraphs 1 through 35 above are realleged and incorporated herein as if more fully set forth in their entirety.

37.     Defendant Community engaged in negligent conduct and/or willful violations of statutory standards in its conduct as to Plaintiff.

38.     As a direct and proximate cause of the negligent conduct of Defendant Community, Plaintiff has suffered serious and/or severe emotional distress.

39.     As a proximate result of the conduct of Defendant Community, Plaintiff has suffered damages in an amount to be determined according to proof.

WHEREFORE, Plaintiff, having set forth her claims for relief against Defendant Barnabas Health Community Medical Center, respectfully prays of the Court as follows:

A.     That she have and recover against Defendant Barnabas Health Community Medical Center, a sum to be determined by the Court in the form of actual damages;

B.     That she have and recover against Defendant Barnabas Health Community Medical

11

Center, a sum to be determined by the Court in the form of punitive damages;

      C.     That she have and recover against Defendant Barnabas Health Community Medical

Center, reasonable legal fees and expenses incurred by her attorney;

      D.     And for such other and further as this Court may deem equitable and just.


                     LAW OFFICES OF LEE D. GOTTESMAN
                     ATTORNEYS FOR PLAINTIFF


                     */s/ Lee D. Gottesman*
Dated:_November 8, 2012          By: LEE D. GOTTESMAN, ESQ.

## <u>VERIFICATION</u>

I, VITA VICTORIA MERRELL, of full age, do hereby certify as follows:

1.    I am the Plaintiff herein.  I have full knowledge of all facts contained in the above Verified Complaint.

2.    I have read the foregoing Amended Verified Complaint and verify that all of the allegations contained in the Verified Complaint are true and correct to the best of my personal knowledge.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/ Vita Victoria Merrell*
VITA VICTORIA MERRELL

Dated: November 8, 2012